IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEANDRO RODRIGUEZ,** | : | CIVIL ACTION NO. 1:22-CV-2053 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN J. SAGE,**[1] | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Leandro Rodriguez ("Rodriguez"), an inmate currently confined at the Federal Correctional Institution, Schuylkill, in Minersville, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Rodriguez seeks an order directing the Bureau of Prisons ("BOP") to award him additional time credits pursuant to the First Step Act ("FSA"). (Id.) For the reasons that follow, we will dismiss the habeas petition without prejudice based on Rodriguez's failure to exhaust available administrative remedies.

I. **Factual Background**

Rodriguez is serving a twenty (20) month term of imprisonment imposed by the United States District Court for the Eastern District of Pennsylvania for fraud and conspiracy. (Doc. 6-1 at 7-8). At the time respondent filed the response,

---

[1] Pursuant to 28 U.S.C. § 2243, the proper respondent in a habeas action is "the person having custody of the person detained." Therefore, the Clerk of Court will be directed to terminate the United States of America as a respondent in this action.

Rodriguez's projected release date was May 15, 2023, via FSA time credits release. (Id.) According to the BOP inmate locator, Rodriguez's current projected release date is April 30, 2023. See https://www.bop.gov/inmateloc/ (last accessed March 1, 2023).

The Administrative Remedy Generalized Retrieval reveals that Rodriguez filed three administrative remedies while in BOP custody. (Doc. 6-1 at 9-11). On June 8, 2022, Rodriguez filed administrative remedy number 1122772-F1 at the institution level regarding federal time credits. (Id. at 10). The remedy was closed with an explanatory response. (Id.) Rodriguez did not file an appeal. (See id.) On November 4, 2022, Rodriguez filed administrative remedy number 1139962-F1 at the institution level regarding federal time credits. (Id.) The remedy was denied, and Rodriguez did not file an appeal. (Id.) Also on November 4, 2022, Rodriguez filed administrative remedy number 1140009-F1 at the institution level regarding FSA credits. (Id. at 11). The remedy was closed with an explanatory response. (Id.) Rodriguez did not file an appeal. (See id.)

In his § 2241 petition, Rodriguez asserts that he is entitled to the application of 4½ months of FSA time credits. (Doc. 1). Respondent contends that Rodriguez's § 2241 petition must be dismissed because: (1) Rodriguez failed to exhaust his administrative remedies before filing the instant habeas petition; and (2) Rodriguez is not entitled to additional FSA time credits. (Doc. 6). Because our analysis begins and ends with the administrative exhaustion argument raised in respondent's response, we do not reach the merits of petitioner's claim.

**II.     Discussion**

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.  See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted).  The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.  See generally 28 C.F.R. §§ 542.10-.19.  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.  See id. §§ 542.13-.15.  No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel.  Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.  See Moscato, 98 F.3d at 761.  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction.  See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Exhaustion is

likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Rodriguez concedes that he did not exhaust administrative remedies with regard to his FSA time credits and appears to suggest that exhaustion would be futile. (Doc. 1 at 2; Doc. 7 at 1-2). However, he has not articulated any basis for his suggestion of futility. While the court recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction," Kurti v. White, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020), the instant case involves a dispute regarding the specific number of FSA time credits earned by Rodriguez. Rodriguez is not challenging the legality of BOP regulations or presenting an issue of statutory construction that might justify excusing him from the exhaustion requirement. He argues that he should not have to exhaust his administrative remedies because the administrative remedy process could take months to complete, and he believes that he will be released before the process is completed. (Doc. 1 at 2; Doc. 7 at 1-2). We are unaware of any decision from the Court of Appeals holding that a federal prisoner may be excused from the exhaustion requirement on that ground. Additionally, district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date. See, e.g., Brown v. Sage, No. 22-cv-325, 2022 WL 1295414, at *1-2 (M.D. Pa. April 29, 2022); Malvestuto v. Martinez, No. 09-cv-1339, 2009 WL 2876883, at *2-3

4

(M.D. Pa. Sept. 1, 2009); Bartolotti v. Knight, No. 22-cv-6137, 2022 WL 17959577, at *1-2 (W.D. Pa. Dec. 27, 2022); Rosales v. Hollingsworth, No. 15-cv-3840, 2015 WL 4314572, at *2 (D.N.J. July 14, 2015). Rodriguez's claim is the type of FSA time credit dispute that must first be presented to BOP officials and fully exhausted. Because Rodriguez did not exhaust his administrative remedies, and no exception applies, his § 2241 petition must be dismissed.

### III.   Conclusion

We will dismiss Rodriguez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: March 1, 2023